IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIANA WRIGHT**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3596-L** |
| | § | |
| **SCOTT'S TREASURES CHILDCARE** | § | |
| **and DREDARIA SCOTT, Individually**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Amended Motion for Entry of Default Judgment, filed May 19, 2014. After careful consideration of the motion, memorandum of law, record, and applicable authority, the court **grants** Plaintiff's Amended Motion for Entry of Default Judgment.

**I.     Background**

On September 9, 2013, Briana Wright ("Plaintiff" or "Wright") filed her Original Complaint for unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). On September 12, 2013, Scott's Treasures Childcare and Dredaria Scott ("Defendants") were served with summonses and copies of Plaintiff's Complaint. Defendants were required to answer or otherwise respond to the Complaint on October 3, 2013, 21 days after service of the Complaint. *See* Fed. R. Civ. P. 12. Defendants have not answered, filed a motion to dismiss, or otherwise responded as required by law.

On November 19, 2013, Plaintiff's Motion for Clerk's Entry of Default against Defendant[s] was filed, and the clerk entered default against Defendants on the same date. Plaintiff now requests that a default judgment be entered in her favor and against Defendants.

**II.     Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered default, and Plaintiff now requests the court to enter a default judgment against Defendants. Evidence also establishes neither Defendant is an incompetent person, infant, or member of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the declaration of Wright, the court determines that Defendants have violated the FLSA by failing to pay Plaintiff overtime wages as required under the statute. In her declaration, Wright provides evidence of her hourly rate and the number of hours she worked overtime for which she was not paid time and one-half. Plaintiff was paid an hourly rate of $7.50, and her half-time rate was $3.75. She worked 10 hours overtime each week for 48.14 weeks, from approximately March 2012 to February 2013 as an infant caregiver. She was never paid overtime for any of the weeks that she worked over forty hours. She was denied $37.50 of overtime for each of the 48.14 weeks she worked overtime. Therefore, Defendants owe Wright $1,805.25 in overtime as unpaid wages.

A plaintiff is entitled to an equal amount in liquidated damages if the failure to pay is a willful violation. 29 U.S.C. § 216(b). A district court may not reduce or eliminate liquidated damages unless the employer first carries its burden of establishing that its failure to comply with

the FLSA was done in good faith. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999) (citation omitted). Defendants, as they have not appeared, cannot establish that their failure to comply with the FLSA was done in good faith. Accordingly, the court determines that Wright is entitled to an equal amount in liquidated damages of $1,805.25 and that the total amount of damages to which she is entitled is **$3,610.50.**

As the prevailing party, Plaintiff is entitled to attorney's fees under the FLSA, and she seeks to recover her reasonable attorney's fees and costs. Plaintiff requests a total of $3,600.90 as fees and costs for the prosecution of this case. In the original motion for default judgment, Plaintiff requested a total $3,383.40 in fees and costs. On April 21, 2014, the court directed Plaintiff to provide additional information because it could not make the necessary calculations and determinations based on the evidence submitted by Wright. Wright provided the requested information on May 19, 2014, in Plaintiff's Amended Motion for Entry of Default Judgment. The court will base its decision on the original amount requested, as Defendants were not at fault for the failure to provide the necessary information for the court to rule and enter judgment.

After a review of the declaration of Ms. Meredith Mathews, the court determines that the amount of attorney's fees requested is reasonable, that the time expended by counsel was necessary for the prosecution of the case, and that the hourly rate for all attorneys who worked on this case reflects the usual and customary hourly fee charged by an attorney in this district with similar ability, experience, and skill as those in this case. The court also finds that the hourly rate charged for paralegal services is reasonable, as that time expended by the paralegal was necessary to the successful prosecution of this case, and that the rate of $195 per hour reflects the usual and customary rate for paralegals in this district with the level of experience as that of Ms. Josey Gonzales. Further, the court finds the costs ($600) expended in this action to be reasonable and

necessary for its successful prosecution. Accordingly, the court awards Plaintiff $3,383.40 as reasonable attorney's fees and costs in this action.

## III.     Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Entry of Default Judgment. Accordingly, Plaintiff is entitled to judgment against Defendants in the amount of $3,610.50 as damages; $2,783.40 as attorney's fees, and $600 as costs, for a total amount of **$6,993.90**. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 27th day of May, 2014.

                                              Sam A. Lindsay
                                              United States District Judge